# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MARCELLUS HURT v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C-07-107    Don Allen, Judge**

---

**No. W2007-02251-CCA-R3-PC  -  Filed July 30, 2008**

---

The petitioner, Marcellus Hurt, appeals the Madison County Circuit Court's denial of his petition for post-conviction relief. On appeal, the petitioner argues he was denied the effective assistance of counsel based upon trial counsel's failure to exercise his influence and persuade the petitioner to plead guilty. The State has filed a motion requesting that this court affirm the post-conviction court's dismissal pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Because the petitioner has failed to allege any ground which would establish a claim of ineffective assistance of counsel, we grant the State's motion and affirm the judgment of the Madison County Circuit Court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ. joined.

J. Colin Morris, Jackson, Tennessee, for the appellant, Marcellus Hurt.

Robert E. Cooper, Jr., Attorney General & Reporter, and Clarence E. Lutz, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

Following a trial by jury, the petitioner was convicted of three counts of misdemeanor theft, two counts of burglary of a vehicle, one count of felony vandalism over $500, one count of possession of burglary tools, and one count of misdemeanor evading arrest. *State v. Marcellus Hurt*, No. W2006-00191-CCA-R3-CD (Tenn. Crim. App. at Jackson, Dec. 21, 2006). He was subsequently sentenced to an effective sentence of six years, eleven months, and twenty-nine days in confinement. *Id.* A panel of this court affirmed his convictions and sentences on direct appeal. *Id.*

1

The petitioner timely filed a *pro se* petition for post-conviction relief, which alleged multiple grounds of ineffective assistance of counsel and various constitutional violations of the double jeopardy, due process, and equal protection clauses. Following the appointment of counsel, a hearing, at which only the petitioner and trial counsel testified, was held to determine the merits of the petition. Trial counsel testified that he met with the petitioner on multiple occasions, reviewed the indictment and discovery materials with the petitioner, and negotiated a plea agreement with the State. Pursuant to the agreement, the petitioner was to receive a four-year-sentence, which was to be served on probation with time served. According to trial counsel, the petitioner rejected the agreement, despite his strong recommendation to the contrary, and the case proceeded to trial. The petitioner testified and acknowledged that trial counsel had communicated the plea offer to him, and he specifically acknowledged that he rejected the offer, which, in hindsight, he would now accept.

After hearing the evidence presented, the post-conviction court found that the petitioner had failed to establish both the deficient performance and prejudice prongs required for an ineffective assistance of counsel claim. The court specifically stated: "You know, the only thing I guess . . . [trial counsel] could have done is . . . forced his client to plea[d] guilty. That's not his job. He's not to try to force his client to accept a plea offer by the State. That's the [petitioner's] decision whether or not he wants to plead guilty."

To succeed on a challenge of ineffective assistance of counsel, the petitioner bears the burden of establishing the allegations set forth in his petition by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006). The petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984), the petitioner must establish (1) deficient performance and (2) prejudice resulting from the deficiency. The petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994).

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461(Tenn. 1999). "[A] trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, *conclusions of law*, are reviewed under a purely *de novo* standard with no presumption that the post-conviction court's findings are correct. *Id.*

On appeal, the petitioner asserts that trial counsel, "as an experienced lawyer should have convinced him to take his (4) year offer, all things being considered in this case. Although [the petitioner] acknowledges that it was ultimately his choice not to take the plea, [trial counsel] could have exercised his influence and pursuded [sic] him to plead guilty and accept the State's offer."

As noted by the State, the petitioner acknowledges that trial counsel bargained for and communicated the plea agreement to the petitioner and that it was the petitioner's choice to reject the agreement.

Upon consideration of the record, the pleadings, and the applicable law, this court concludes that the petitioner has failed to establish that he is entitled to post-conviction relief. We agree with the post-conviction court's reasoning and conclude that the petition is without merit. Trial counsel informed the petitioner of the available agreement and recommended that the petitioner accept the offer. However, the petitioner, by his own admission, voluntarily chose to reject the agreement and proceed to trial. The decision of whether to accept a guilty plea is a personal one to the petitioner, and the benefit of hindsight does not now entitle him to post-conviction relief simply because his resulting sentence would have been shorter under the plea agreement.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the lower court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE

-3-